BONTE *v.* SEEBERGER, Collector.

*(Circuit Court, N. D. Illinois. August 1, 1887.)*

CUSTOMS DUTIES—ASSESSMENT OF DUTY—"PHOTOGRAPHIC MOUNTS."

Enameled cards called "photographic mounts," which have passed through a printing-press, and have printed thereon the name and address of the photographer for whom they are intended, are subject to a duty of 25 per centum *ad valorem*, as "printed matter not specially enumerated or provided for," under clause 384 of the new tariff index.

*Jesse A. Baldwin*, for plaintiff.
*Graham H. Harris*, Asst. U. S. Dist. Atty., for the collector.

BLODGETT, J. The plaintiffs imported an invoice of photographic cards, or what are called "photographic mounts," upon which a duty of 25 per centum *ad valorem* was assessed, under clause 384 of the new tariff index, as "printed matter not specially enumerated or provided for." Plaintiff claimed that the goods were dutiable as a manufacture of paper, or of which paper is the component material, not specially enumerated or provided for, at the rate of 15 per centum *ad valorem*, under clause 388 of the new tariff index. The duties imposed were paid under protest; an appeal taken to the secretary of the treasury, by whom the action of the collector was affirmed; and this suit brought, in apt time, to recover the excess of duties paid.

The goods in question are finely enameled cards, made, as the proof shows, by laying together from four to seven sheets of paper, which are properly gummed, and then pressed together so as to make a firm, hard surface, and cut of the proper size for mounting photographs thereon. Upon one side of these cards, as a rule, there is an engraved or lithographed border, and a finely-printed design, showing the name and location of the photographer who is to use the same, and upon the opposite side there is, in many instances, the name of the photographer, and an ornamental or gilt border, to surround the picture. In some samples of the goods, only one side has any printed or lithographed impression, but in most of them there is an impression from engraved or lithographic plates upon both sides of the card. The only question in the case is whether this is "printed matter," within the meaning of clause 384 of the new tariff.

There can be no doubt, from the proof as to the manner in which these cards are made, that they have passed through a printing-press, and received thereby the impressions of letters and figures now appearing thereon; and I think all the questions in this case are clearly settled by the supreme court of the United States in *Arthur* v. *Moller,* 97 U. S. 365. In that case the question was whether certain articles imported, known as "decalcomanie pictures," were subject to duty as printed matter, and the court there held that they were so dutiable. The court says: "The pictures in question were printed from lithographic stones in successive impressions, each impression giving a different portion of the view, and of a different color, like other pictures which are made and used for the purpose of ornament. Equally with engravings, copperplates, and lithographs, they are printed, and properly fall within the statutory designation of printed matter." If a picture produced by a series of impressions from lithographic stones is to be held as printed matter, I cannot see why these cards, which are more or less ornamented by engraved designs, with fancy lettering showing the name and residence of the photographer for whom they were specially ordered, do not come within the same definition.

The issue is found for the defendant.