KRAUT v. UNITED STATES.

(Circuit Court, S. D. New York. December 17, 1903.)

No. 3,335.

1. CUSTOMS DUTIES—CLASSIFICATION—PRINTED PAPER BAGS—MANUFACTURES OF PAPER—PRINTED MATTER.

Paper bags with incidental printing thereon are not "printed matter," within the meaning of paragraph 403, Tariff Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], but are dutiable as "manufactures of paper," under paragraph 407 of said act, § 1, Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673].

On Application to Review a Decision of the Board of General Appraisers.

These proceedings were brought by Adolph Kraut, an importer, to review a decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York. The opinion of the board, so far as pertinent to the question raised in this case, reads as follows:

FISCHER, General Appraiser. The merchandise in question consists of (1) paper bags. * * * Duty was assessed as follows: On the paper bags at the rate of 35 per cent. ad valorem, under paragraph 407 of the act of 1897, c. 11, § 1, Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], as manu-

factures of paper. * * * The importer claims that said merchandise is properly dutiable * * * at the rate of 25 per cent. ad valorem, under paragraph 403, § 1, Schedule M, 30 Stat. 189, c. 11 [U. S. Comp. St. 1901, p. 1673]. We find from the evidence and samples before us, as follows: First. That the paper bags are manufactures of paper properly dutiable at the rate of 35 per cent. ad valorem, under paragraph 407. The fact that such bags have had printed matter thereon will not make them dutiable under paragraph 403. The articles are paper bags, and have become, by a process of manufacture, a distinct article for use as such, and the printing thereon is merely incidental thereto and not a controlling feature. * * * The protests are accordingly overruled as to the articles enumerated in our first finding. * * *

Howard T. Walden, for importer.

Charles D. Baker, Asst. U. S. Atty.

Before PLATT, District Judge.

At the close of the argument the court affirmed the decision of the Board of General Appraisers on the opinion of the board.