UNITED STATES v. HENSEL, BRUCKMANN & LORBACHER.

(Circuit Court, S. D. New York. January 18, 1907.)

No. 4,181.

1. CUSTOMS DUTIES—CLASSIFICATION—LACE PAPER—PRINTED MATTER—INCIDENTAL PRINTING.

So-called lace paper, which is used in decoratively packing confectionery, etc., is not brought within the provision for printed matter in Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 403, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673], by reason of having names and addresses of merchants printed thereon. Said provision does not cover matter on which the printing is but a subordinate feature.

2. SAME—MANUFACTURES OF PAPER.

So-called lace paper doilies, covers, tops, etc., used in packing confectionery, etc., which are composed of paper perforated with ornamental

designs and printed with the names and addresses of merchants, are not dutiable as paper, under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 402, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1672], but as manufactures of paper, under paragraph 407, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673.]

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,260 (T. D. 26,992), which reversed the assessment of duty by the collector of customs at the port of New York.

J. Osgood Nichols, Asst. U. S. Atty.
William B. Dungan, for importers.

HAZEL, District Judge. The merchandise consists of sheets of paper of different sizes, the centers of some of which are plain, with perforated and embossed border in resemblance of a lace pattern, sheets of perforated paper with the name and address of a merchant printed thereon, perforated paper for decorating raisin boxes, and confetti stamped from large sheets of paper. Duty was assessed thereon by the collector at 35 per centum ad valorem, under paragraph 407 of the act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule M, par. 403, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]), as manufactures of paper, or of which paper is the component material of chief value. The importers protested and claimed that the goods were dutiable at 25 per centum, under paragraph 402, as paper not specially provided for, or as printed matter, under paragraph 403, or as surface-coated paper, under paragraph 398. The Board of General Appraisers decided that the doilies, lace tops, and vinetas, which have no printing thereon, and the confetti, were articles manufactured from paper, and dutiable under paragraph 407, while the so-called lace paper, top and side pieces for raisin boxes or cartons, and doilies, with printing thereon, were dutiable, under paragraph 403, as printed matter. The government has made application for review to this court.

Reliance is placed by the United States Attorney upon the case of Kraut v. United States (C. C.) 134 Fed. 701, affirmed 142 Fed. 1037, 71 C. C. A. 684, in support of the contention that the articles are in fact manufactures of paper, and not printed matter. The importers urge that the printing on the paper bags in the Kraut Case was merely incidental, and did not to any extent affect their usefulness as bags, while in this case the purpose of printing upon the lace papers the name of the merchant using the same was to advertise the commodity to which they were applied as wrappers, covers, or side pieces of wrappers. The facts, however, do not sustain this contention. The primal object of the lace paper is the ornamentation or decorative feature. The proofs show that the articles are manufactured by placing sheets of the desired quality of paper under a steel die, and the figures, designs, or, lace patterns are produced by being stamped or cut with the press. This operation is not thought to come within the category of "printing," as that term is defined in Arthur v. Moller, 97 U. S. 365, 24 L. Ed. 1046. The facts show that the raw paper is the article of chief cost in the finished product; the cost of stamping being about 25 per cent., and the market price of the importation is estimated at treble the cost of manu-

facture. The finished articles are used as doilies, covers, wrappers for raisins, side and end pieces of raisin wrappers or confectioners' supplies. The articles have been materially changed from paper. They have in fact lost their character of paper, and the printing on the exhibits, considering their primal purpose, is a subordinate feature. They are essentially different from labels or visiting cards having printed matter, ornamentation, or finished borders thereon, which manifestly serve an entirely different purpose, and the printing unquestionably is the important feature. Hence, this case is thought to be controlled by the principle of the Kraut Case.

The decision of the board, therefore, is modified, and the conclusion of the collector on the specified articles approved.