### UNITED STATES v. KNIPSCHER & MAAS SILK DYEING CO.
(two cases).

(Circuit Court, S. D. New York. January 18, 1907.)

Nos. 4,249, 4,250.

1. CUSTOMS DUTIES—CLASSIFICATION—DYERS' STICKS—BAMBOO.
    Bamboo dyers' sticks, rounded at the ends and smoothed off at the joints, are covered by the enumeration of bamboo in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 700, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], rather than by the provision for wood, unmanufactured, in section 1, Schedule D, par. 198, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646].

2. SAME—WOOD "UNMANUFACTURED."
    Dyers' sticks of hard wood, which have been trimmed and peeled, and had the rough edges removed, and the ends rounded, are not dutiable as manufactures of wood, under Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647], but as wood, unmanufactured, under paragraph 198, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646].

On Application for Review of Decisions of the Board of United States General Appraisers.

The decisions in question reversed the assessment of duty by the collector of customs at the port of New York on articles of two classes, consisting (1) of bamboo sticks of the description given in the opinion following, and (2) of

hard wood sticks about one inch in diameter, which had been trimmed and peeled, and had the rough places removed, and the ends rounded. On the authority of G. A. 6,031 (T. D. 26,350), the Board held the former class to have been erroneously classified as wood, unmanufactured, under Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 198, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1646], and to be within the provision for bamboo, in section 2, Free List, par. 700, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689]; and, on the authority of G. A. 578 (T. D. 11,219), the Board held that the latter class had been improperly classified as manufactures of wood, under section 1, Schedule D, par. 208, 30 Stat. 168 [U. S. Comp. St. 1901, p. 1647], and should have been classified under said provision for wood, unmanufactured.

J. Osgood Nichols, Asst. U. S. Atty.
Everit Brown, for importers.

HAZEL, District Judge. The conclusions of the Board of General Appraisers that the bamboo sticks in question, which are about 4 feet in length, are entitled to free entry, under the provisions of paragraph 700 of the Act of July 24, 1897, c. 11, § 2, Free List, 30 Stat. 202 [U. S. Comp. St. 1901, p. 1689], is affirmed. The bamboo sticks, which were invoiced in bundles, are commercially known as "dyers' sticks," and are used by dyers for hanging on dyeing material. It appears that the ends of the bamboo sticks are rounded, and that their rough joints have been smoothed. In Brauss v. United States (C. C.) 120 Fed. 1017, it was held that splitting bamboo sticks and cutting them into lengths for use in making brooms does not change their character; they still being bamboo sticks. The government claims the Brauss Case is distinguishable, in that there the article was not a manufacture, while in this case the rounding of the ends and the smoothing of the joints clearly constitute a manufacture. Upon this point it is sufficient to say that I agree with the Board that the identity as bamboo has not been destroyed by the work done upon them.

As to the hard wood sticks, duty was assessed by the collector at 35 per cent. ad valorem, under paragraph 208 of the present tariff act. The importers claim that the classification should have been at 20 per cent. ad valorem, under paragraph 198. The articles are used for dyers' sticks. The decision of the Board that the merchandise was dutiable under paragraph 198, as wood, unmanufactured, is thought to be correct.

The decision of the Board is sustained.