HAMILTON et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 12, 1909.)

No. 126 (5,108).

1. CUSTOMS DUTIES (§ 36*)—CLASSIFICATION—LACE PAPER—"PAPER"—"MANUFACTURES OF PAPER."

Plain paper was stamped by a single operation into shapes with lace-like effects, which are known as tops or doilies, and are used for placing on the tops of packages of candy, fruit, etc., or under finger bowls. Plain paper might have been used for the same purpose, except that it would not have been so pleasing. *Held* that, as the improvement of the original material had not interfered with its distinguishing characteristics,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it was dutiable as "paper," rather than as "manufactures of paper," under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, pars. 403, 407, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*

For other definitions, see Words and Phrases, vol. 5, p. 4362; vol. 6, pp. 5160–5161.]

**2.** Customs Duties (§ 36*)—"Printed Matter."

Paper used for box tops and similar purposes was printed with trademarks and business names and addresses, and in some instances with floral or other decorative designs. *Held*, that the authorities would justify its classification as "printed matter," under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 403, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*

For other definitions, see Words and Phrases, vol. 6, pp. 5563–5564; vol. 8, p. 7763.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the circuit court affirming a decision of the Board of General Appraisers (G. A. 6,674, T. D. 28,479), which approved the action of the collector of the port of New York in assessing certain importations as manufactures of paper under Tariff Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626).

William B. Dungar (Everit Brown, of counsel), for appellants.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The relevant paragraphs are:

"402. Paper hangings and paper for screens or fireboards, and all other paper not specially provided for in this act, twenty-five per centum ad valorem.

"403. Books of all kinds, including blank books and pamphlets, and engravings bound or unbound, photographs, etchings, maps, charts, music in books or sheets, and printed matter, all the foregoing not specially provided for in this act, twenty-five per centum ad valorem."

"407. Manufactures of paper, or of which paper is the component material of chief value, not specially provided for in this act, thirty-five per centum ad valorem."

The importations are apparently the same as those before the Circuit Court in United States v. Hensel, 152 Fed. 578, a decision which was not appealed. As shown by the samples, the articles are paper. All of them have been stamped from plain paper, by a single operation, at one and the same time, into shape with lace-like effects. They are used for placing on the tops of boxes or baskets of candy, raisins, fruit, or the like, to improve their appearance, or for putting under finger bowls; and hence they are called "tops" or "doilies." The plain paper might just as well be used for the same purpose, only it would not be so attractive. Except for the pleasing effect, it has been in no wise changed. It is still paper. It has not been made into an article having another use, as it would if manufactured into an envelope, a bag, or a box. In De Jonge v. Magone, 159 U. S. 562, 16 Sup. Ct.

119, 40 L. Ed. 260, paragraph 392 of the tariff act of 1883 (Act March 3, 1883, c. 121, § 6, Schedule M, 22 Stat. 510) was under consideration. It provided, as does paragraph 402, supra, for "paper hangings and paper for screens and fireboards, * * * and all other paper, not specially provided for." The court held that it covered paper that had been coated, colored, and embossed to imitate leather, and also paper which had been coated with flock to imitate velvet, saying:

"While, directly speaking, the products in question might be termed manufactures of the particular variety of paper stock employed as their basis, yet the resultant product of such manufacture was a higher and better grade of paper."

The same principle has found expression in numerous other cases, where the original material has been improved without interfering with its distinguishing characteristics. Murphy v. United States (C. C. A.) 162 Fed. 871; United States v. Pierce, 147 Fed. 199, 77 C. C. A. 425; United States v. Knipscher and M. S. D. Company (C. C.) 152 Fed. 590; Brauss & Co. v. United States (C. C.) 120 Fed. 1017; Tilge v. United States (C. C.) 115 Fed. 254. There is no reason to suppose that Congress used the words "all other paper" in paragraph 402, supra in association with "paper hangings and paper for screens," with any different meaning from that given to it when used in paragraph 392 of the act of 1883 in a like association; and we are of the opinion that the articles in suit are covered by the phrase.

Some of the articles have been printed with the trade-marks, name, and address of the manufacturer, and in some instances with floral or other decorative designs. It is contended by the importer that they are "printed matter," under paragraph 403, supra. The authorities warrant such classification. Arthur v. Moller, 97 U. S. 365, 24 L. Ed. 1046; Bonte v. Seeberger (C. C.) 31 Fed. 884. But the question is academic, since paragraphs 402 and 403 impose the same rate of duty. The government relies upon Kraut v. United States (C. C.) 134 Fed. 701, affirmed by this court 142 Fed. 1037, 71 C. C. A. 684. The articles in that case were not merely paper. They had been manufactured into a distinct article—bags—for use as such, and were dutiable as manufactures of paper; the printing on them being merely incidental.

The decision is reversed.