B. F. DRAKENFELD & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 12, 1909.)

No. 133 (4,992).

CUSTOMS DUTIES (§ 36*)—CLASSIFICATION—DUPLEX PAPER—"PAPER"—"MANUFACTURES OF PAPER."

So-called duplex lithographic transfer paper, which is used in transferring decalcomania designs to pottery, and is produced by pasting together two sheets of paper, one coated with a gummy substance and the other uncoated, is "paper," rather than "manufactures of paper," under Tariff

Act July 24, 1897, c. 11, § 1, Schedule M, pars. 403, 407, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673).

.[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 115–120; Dec. Dig. § 36.*

For other definitions, see Words and Phrases, vol. 5, p. 4362; vol. 6, pp. 5160–5161.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court, Southern District of New York, affirming a decision of the Board of General Appraisers, which approved the action of the collector of the port of New York in classifying certain importations for duty as manufactures of paper, under Tariff Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626).

The following is the opinion of the court below:

PLATT, District Judge (orally). The merchandise in question is invoiced and known as "duplex litho transfer paper." It was assessed for duty at 35 per cent. ad valorem under paragraph 407 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]); the importers in their protest claiming the same properly dutiable at 25 per cent. ad valorem under paragraph 402 of said act. Other claims were set forth in the protest, but were not insisted upon by counsel upon argument. Said paragraphs are as follows:

"407. Manufactures of paper, or of which paper is the component material of chief value, not specially provided for in this act, thirty-five per centum ad valorem."

"402. Paper hangings and paper for screens or fireboards, and all other paper not specially provided for in this act, twenty-five per centum ad valorem. * * *"

Counsel for the importers relies chiefly upon De Jonge v. Magone, 159 U. S. 562, 16 Sup. Ct. 119, 40 L. Ed. 260, as decisive of the question herein. In the record the parties hereto stipulated "that the merchandise covered by protest 229,768 [which is the protest in question herein] consists of duplex transfer paper manufactured of two sheets of paper pasted together, one coated with a gummy substance, and the other uncoated," etc. It would seem that we have a different article here from that involved in the De Jonge Case. It has gone beyond it, and has become a distinct article in itself, as the result of the process of manufacture it has undergone.

The decision of the Board of General Appraisers is affirmed.

Comstock & Washburn (Albert H. Washburn, of counsel), for appellants.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The relevant paragraphs are 402, covering "paper hangings and paper screens or fireboards, and all other paper not specially provided for," and 407, "manufactures of paper, or of which paper is the component material of chief value." The article in question consists of so-called "duplex lithographic transfer paper," produced by pasting together two sheets of paper; one coated with a gummy substance, and the other uncoated. It is used in the manufacture of ceramic decalcomanias; the designs being printed on the gum-

my side and transferred to pottery ware. It is bought and sold as "duplex litho transfer paper."

What we have said in the opinion in Hamilton v. United States (handed down herewith) 167 Fed. 796, applies with equal force to this transfer paper. It is still paper, and is as much within the classification of paragraph 402 as was the coated, colored, and embossed paper of De Jonge v. Magone, 159 U. S. 562, 16 Sup. Ct. 119, 40 L. Ed. 260, within paragraph 392 of the act of 1883 (Act March 3, 1883, c. 121, § 6, Schedule M, 22 Stat. 510). The Board of General Appraisers was of the same opinion, but felt constrained by the decision of the Circuit Court, Northern District of California, in Stratton v. Olcovich, T. D. 26,339, to classify it as a manufacture of paper. We have examined the citation, which contains no argument, and which we find unpersuasive.

The decision is reversed.