DEUTSCH et al. v. UNITED STATES.

(Circuit Court, S. D. New York. May 14, 1909.)

Nos. 5,432–5,436.

Customs Duties (§ 36*)—Classification—"Printed Matter"—Post Cards.

Post cards, with the inscription "Post card" printed thereon in several languages, are "printed matter," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 403, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), because such printing has a useful and valuable connection with the article itself.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*

For other definitions, see Words and Phrases, vol. 6, pp. 5563, 5564; vol. 8, p. 7763.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On Application for Review of a Decision by the Board of United States General Appraisers.

These proceedings are also entitled in the names of Hensel, Bruckmann & Lorbacher (three cases), and A. H. Ringk. The decision below affirmed the assessment of duty by the collector of customs at the port of New York on articles described in the opinion of the Board of General Appraisers as consisting of "a variety of elaborately made private mailing or souvenir post cards, made either wholly of paper of more than one thickness or of paper in single thickness combined with silk, wood, celluloid," etc. The Board added that in most of the exhibits the printing consisted of the inscription "Post card" in different languages.

Comstock & Washburn (George J. Puckhafer, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The articles in question consist of post cards of paper and other materials, and were classified variously under the tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626]), as celluloid articles (paragraph 17), manufactures of wood (paragraph 208), manufactures of silk (paragraph 391), printed matter (paragraph 403), and manufactures of paper (paragraph 407). The importers' protests set forth various claims, but upon the argument counsel for importers insisted upon a classification under the provision in paragraph 403 for "printed matter."

In Ringk v. United States (C. C.) **164** Fed. 1021, T. D. 29,037, I held that souvenir post cards composed of paper and feathers, feathers being the component material of chief value, were not, because of the presence of said component material, thereby removed from the provision for printed matter in said paragraph 403. I hold that the articles now before me are also properly dutiable under said paragraph, as printed matter. This is also in line with the decision of the Circuit Court of Appeals in Hamilton v. United States (C. C. A.) 167 Fed. 796, T. D. 29,519, citing Arthur v. Moller, 97 U. S. 365, 24 L. Ed. 1046. There is actually printed matter on the articles before me. Such printing has a valuable and useful connection with the article itself. I think it may fairly be called printed matter, even though the main element composing the article may be some valuable material. If imported merchandise is ever brought before me in which the printed matter shall be purely incidental, and the merchandise itself shows upon its face that an attempt is being made on the part of an importer to introduce into the commerce of the country by subterfuge a valuable thing which ought to be classified at a high rate of duty, it will be my purpose to block the attempt so far as in my power to do so. I do not find in the samples before me any evidence of such a purpose.

Counsel for the government cites as an authority in favor of this contention the case of Kraut v. United States (C. C.) 130 Fed. 392, T. D. 25,178, affirmed 142 Fed. 1037, 71 C. C. A. 681, T. D. 26,946. I think, however, that case is easily distinguished from the present case. The paper bag in question there was concededly a utilitarian

article, and found its use as such in the commerce of the country. Following my previous decision in Ringk v. United States, supra, I hold that the post cards in controversy herein should be classified for duty as "printed matter" under the provision contained in said paragraph 403.

Decision reversed.