UNITED STATES v. DEUTSCH. SAME v. HENSEL. BRUCKMANN & LORBACHER (two cases). SAME v. RINGK.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

Nos. 219–223 (5,432–5,436).

CUSTOMS DUTIES (§ 36*)—CLASSIFICATION—POST CARDS—"PRINTED MATTER."
   The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 403, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), for "printed matter," includes post cards of paper combined with such materials as celluloid, silk, and wood, the latter the components of chief value; one side bearing floral and decorative effects produced by spraying and embossing, and the other being printed with the words "Post Card" in various languages.

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*

   For other definitions, see Words and Phrases, vol. 6, pp. 5563, 5564; vol. 8, p. 7763.]

Appeals from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 172 Fed. 290.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas J. Doherty, of counsel), for the United States.

Comstock & Washburn (George J. Puckhafer, of counsel), for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The articles in question are post cards made of paper, or of paper combined with other materials, such as celluloid, silk, or wood, the latter being the components of chief value. On one side the words "Post Card" are printed in various languages, and on the other side there are different floral and decorative effects produced by spraying and embossing. The collector assessed the merchandise as manufactured articles according to the component of chief value under various paragraphs of the act of 1897. The importers contend that they should have been assessed under paragraph 403 as printed matter.

Post cards, whether made of paper alone, or combined with other materials, seem to be of the same nature as the articles covered by paragraph 403, viz., books, pamphlets, photographs, maps, etc. The judge of the Circuit Court, regarding the printed matter as having a useful connection with the article, probably because it called the attention of the purchasers to the fact that it may be sent through the mail as a souvenir, held that the cards should have been classified as printed matter under paragraph 403. He followed Bonte v. Seeberger, 31 Fed. 884, Ringk v. United States, 164 Fed. 1021, and Hamilton v. United States, 167 Fed. 796, 93 C. C. A. 186, rather than United States v. Hensel, 152 Fed. 578, which the Board of Appraisers relied on, and which was disapproved in the latter case.

While the question is not free from doubt, we have concluded to affirm the judgment.