KNAUTH, NACHOD & KUHNE *v.* UNITED STATES (No. 821).[1]

ADVERTISING CARDS WITH PICTURES DIE CUT.

The proviso to paragraph 415, tariff act of 1909, would appear to have been enacted in view of the decision in Hamilton *v.* United States (T. D. 29519) and so designed to impose an increased rate of duty over and above the duty on paper, upon paper both printed and die cut with designs.

United States Court of Customs Appeals, April 17, 1912.

APPEAL from Board of United States General Appraisers, Abstract 27089 (T. D. 32006).

[Affirmed.]

*Brown & Gerry* for appellants.
*William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal concerns what is admitted to be printed paper advertising cards, with the outline of a picture die cut into them after the manner of a stencil. They were classified for dutiable purposes under the proviso to paragraph 415 of the tariff act of August 5, 1909, which reads as follows:

*Provided*, That paper embossed, or cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes, plain or printed but not lithographed, and not specially provided for in this section, shall be dutiable at thirty-five per centum ad valorem; articles composed wholly or in chief value of paper printed by the photogelatin process and not specially provided for in this act, three cents per pound and twenty-five per centum ad valorem.

The importer, who is appellant here, claims that the articles were properly dutiable as "printed matter" under paragraph 416 of the same act. The Board of General Appraisers overruled the protest, and the importer is appellant here.

The proviso to paragraph 415 of the tariff act of 1909 is new in tariff legislation. It was undoubtedly prompted by the decision of the United States Circuit Court of Appeals for the Second Circuit in Hamilton *v.* United States (T. D. 29519). That case arose under the tariff act of 1897 and concerned like articles of merchandise. There being no provision similar to the proviso to paragraph 415 of the present act in the tariff act of 1897 the goods were assessed by the collector as "manufactures of paper" under paragraph 407 of that act. They were claimed to be properly dutiable as "printed matter" by the importer, and alternatively as "all other paper not specially provided for." The rates on each such being the same under that act the court held that inquiry academic and declined to discuss it. The court, however, held that the articles were not manufactures of paper, the die cutting and printing thereupon not having the effect of constituting the paper a manufacture of paper, and sustained the

protest, reversing the decision of the lower court and the board. See Hamilton *v.* United States, *supra.*

It appears from "Notes on Tariff Revision" that this litigation was called to the attention of the Congress, and undoubtedly the proviso to paragraph 415, *supra,* was incorporated in the present tariff act in order that an increased rate of duty, over and above that upon paper, might be provided for such articles as these, which are paper both printed and die cut.

The contention of the appellant that the Government's position herein would place within this proviso all cards and paper which have been cut into rectangular or other necessary or useful shapes is, we think, without foundation. The language of the proviso requires that they be not only cut, but that they be cut into designs or shapes such as initials, monograms, lace, borders, bands, strips or other forms. The forms upon these articles we think within that class. These qualifying words negative this contention of the appellant. The further language of the proviso that they must not only be "die cut" but may also be "plain or printed but not lithographed" places the imported articles within the precise language of the proviso. A more specific provision as applied to the importations in question could not without great difficulty be devised.

*Affirmed.*