UNITED STATES *v.* WYMAN & Co. (No. 1123).[1]

EMBOSSED PAPER ORNAMENTS.

Paragraph 415, tariff act of 1909, applies only to papers, plain or printed, but not lithographed. The merchandise here—embossed paper ornaments composed in chief value of metal-coated paper—are clearly subject to the terms of paragraph 411 of that act and are dutiable thereunder.—Knauth *v.* United States (3 Ct. Cust. Appls., 183; T. D. 32465) ; United States *v.* Fuld (4 Ct. Cust. Appls., 234; T. D. 33476) distinguished.

United States Court of Customs Appeals, October 31, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31200 (T. D. 33145), Abstract 31669 (T. D. 33280).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Frank L. Lawrence,* special attorney, on the brief), for the United States.

*Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court: This is an appeal from two decisions of the Board of General Appraisers sustaining the protests of the importers. The duty in

[1] Reported in T. D. 33851 (25 Treas. Dec., 386).

each case was assessed under paragraph 411 of the act of 1909 covering papers with coated surface or surfaces, if wholly or partly covered with metal or its solutions or with gelatin or flock, or if embossed or printed, at 5 cents per pound and 20 per cent ad valorem, and bags, envelopes, printed matter other than lithographic, and all other articles composed wholly or in chief value of any of the foregoing papers. The board reversed the action of the collector, holding the articles dutiable under the provisions of the proviso to paragraph 415, which provides for—

Paper embossed, or cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes, plain or printed but not lithographed, and not specially provided for in this section,  *  *  *  at thirty-five per centum ad valorem.

The merchandise consists of embossed paper ornaments composed in chief value of metal-coated paper, and the question presented is as to which of the two paragraphs, 411 or 415, more accurately describes the importation in question.

It is beyond question that whether the importation be treated as paper or as articles composed in chief value of surface-coated and embossed paper, the terms of paragraph 411 furnish an apt description of the importation. But it is insisted that the proviso to paragraph 415 more specifically describes the articles in question.

This proviso was before the court for consideration in Knauth v. United States. (3 Ct. Cust. Appls., 183; T. D. 32465.) While the opinion in that case does not clearly so state, the fact was that the cards there in question were produced by die cutting, as is stated in the opinion of the court in United States v. Fuld. (4 Ct. Cust. Appls., 234; T. D. 33476.) It was said in the Knauth case that the proviso in paragraph 415 of the act of 1909 was undoubtedly prompted by the decision of the Circuit Court of Appeals in Hamilton v. United States. (167 Fed., 796.) In that case the court had under consideration articles which had been stamped from plain paper by a single operation at one and the same time into shape with lace-like effects. They were used for placing on the tops of boxes or baskets of candy, raisins, fruit, or the like, to improve their appearance, or for putting under finger bowls, and hence they were called "tops" or "doilies." The court says:

The plain paper might just as well be used for the same purpose, only it would not be so attractive. Except for the pleasing effect, it has been in nowise changed. It is still paper. It has not been made into an article having another use, as it would if manufactured into an envelope, a bag, or a box.

As was pointed out in Knauth v. United States, it appeared by "Notes on Tariff Revision" that this litigation was called to the attention of Congress, and it was said in the Knauth case that—

Undoubtedly the proviso to paragraph 415  *  *  *  was incorporated in the present tariff act in order that an increased rate of duty, over and above that

upon paper, might be provided for such articles as these, which are paper both printed and die cut.

If this were the purpose of Congress by the enactment of this proviso to paragraph 415, that purpose was only accomplished if the construction of paragraph 415 be restricted as contended for by the Government to paper of the character which is dealt with in Hamilton *v.* United States.

There is no difficulty in giving the paragraph this construction. The words " plain or printed, but not lithographed," clearly refer to all paper which had been previously described, and in holding that the importation in Knauth *v.* United States fell within the language of the proviso, it was said:

The language of the proviso requires that they be not only cut, but that they be cut into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms. The forms upon these articles we think within that class. \* \* \* The further language of the proviso, that they must not only be " die cut " but may also be " plain or printed, but not lithographed," places the imported articles within the precise language of the proviso.

In this case, it is clear, we treated the term " plain or printed, but not lithographed," as qualifying all the preceding provisions of the paragraph.

There is nothing in the case of United States *v.* Fuld, *supra*, which calls for any other construction. It was said of this proviso:

The language employed in the proviso to paragraph 415 is that of a specific description intended to apply to the therein enumerated articles rather than a general clause modifying other clauses or a catchall residuum clause. It does not say that " all paper embossed," etc., nor " all other paper embossed," etc., but " paper embossed, or cut, die cut, or stamped into designs or shapes," etc. The proviso is likewise unrelated in any congruous relation to the purview of the paragraph. It seems an independent provision inserted as a proviso. Additional force is given this conclusion in that Congress has been careful in every other paragraph of the act providing for papers and articles that usually are or might be embossed or die cut, or both, to specifically provide for such when so embossed or die cut, which would seem to ordinarily render this provision of but little, if any, application, and renders its application here a matter of accident rather than of intent.

So it was held that the proviso has reference to forms of paper produced by embossing, cutting, or stamping rather than to completed articles, to some of which any of the processes referred to may have been applied as an additional feature of ornamentation, following in that respect an unpublished opinion of the board (Abstract 24223).

But there is nothing in this language that imports that metal-coated papers, which are clearly subject to the terms of paragraph 411, should be taken out of that paragraph and held dutiable under paragraph 415. We think the latter paragraph should be held to apply only to papers plain or printed, but not lithographed.

The decision of the board is *reversed.*