STATE, *ex rel.* W. R. CLARK PRINTING & BINDING COMPANY, INC., and J. S. RISLEY, v. J. M. LEE, as Comptroller.

163 So. 702.

Opinion Filed October 29, 1935.
Rehearing Denied November 9, 1935.

B. K. Roberts, H. H. Wells and W. J. Oven, Jr., for Relators;

Cary D. Landis, Attorney General, H. E. Carter, Assistant, and Robert H. Anderson, for Respondent.

DAVIS, J.—The alternative writ of mandamus alleges that the Acting Motor Vehicle Commissioner of the State of Florida purchased from the corporate relator 10,000 sets of "Zip-Outs" carbon stripper, a class of alleged office supplies consisting of sheets of paper and sheets of carbon cemented together in such way that they can be inserted in a typewriter and remain intact until the typing is finished, and then be quickly detached, although containing printed thereon a certain form used by the Motor Vehicle Department and capable of being printed on individual disconnected sheets of paper. The alternative writ was sustained by this Court as against a motion to quash filed by the Comptroller. State, ex rel. Clark Printing & Binding Co., v. Lee, 117 Fla. 779, 158 Sou. Rep. 461.

The case is now before this Court on motion to quash the Comptroller's return which is in the nature of a plea of confession and avoidance of the allegations of the alternative writ in all particulars except whether or not the purchase involved constitutes a purchase of stationery materials or the award of a printing contract to an outside of state corporation in violation of the Florida public printing law.

The return of the Comptroller admits the purchase and use by the State of the "Zip-Out" forms, the purchase price

of which is sued for in this case; it does not deny that the account has been approved by the Motor Vehicle Commissioner as the responsible purchasing officer, nor does it aver that the purchase was not duly consummated in good faith as an intended lawful purchase of supplies and not as an intended unlawful printing contract on the part of the Acting Motor Vehicle Commissioner whose determination of fact was that he was lawfully purchasing stationery and supplies and not letting a contract for public printing.

Whether these particular "Zip-Outs" are stationery and supply purchases or printing jobs within the contemplation of law is largely a question of fact and one that this Court does not have to decide in this case. The authorities on the subject are not in harmony, but may be said to justify a reasonable contention that forms *specially* gotten up and printed for particular uses should *ordinarily* be regarded as constituting a printing job. However, the question is by no means reduced to a simple question of law, wholly disconnected from its associated factual considerations, the ascertainment of which involves considerable difficulty. See and compare the following cases: Arthur v. Moller, 97 U. S. 365, 24 L. Ed. 1046; Hamilton v. United States, 167 Fed. 796, 93 C. C. A. 186; United States v. Deutsch, 178 Fed. 272, 101 C. C. A 116; Bell v. St. Johnsbury & L. C. R. R. Co., 76 Vt. 42, 56 Atl. Rep. 105; Atrhur v. City of Petaluma, 27 Cal. App. 782, 151 Pac. 183; Daly v. Beery, 45 N. D. 287, 178 N. W. Rep. 104; Kraut v. United States, 134 Fed. 701, 142 Fed. 1037, 71 C. C. A 684.

The Comptroller's return merely "denies" that the Motor Vehicle Commissioner in making the purchase in question, purchased other than printing. In cases where the contract has been consummated in good faith and the consideration received and used by the State, the Comptroller cannot jus-

tify his refusal to pay the accrued and approved bill of the Motor Vehicle Department by resorting to a mere *denial* of the merits of the claim. He must go further and show that the Motor Vehicle Commissioner abused the powers vested in him to decide for himself the question of fact the Comptroller now disagrees with him on in this case, namely, whether the purchase under consideration was primarily of stationery and materials, which was lawful, or of out of state printing which was beyond the scope of his authority. The presumption is in favor of the correctness of the action of the purchasing officer under the statute that pertains to his office, and only in a clear case of violation of the law on his part is the Comptroller justified in refusing to pay the approved account after the materials have been received and used in good faith.

The Comptroller's return amounts simply to a joinder of issue with the State Motor Vehicle Department on a mixed question of law and fact which it within the official province of the Acting Motor Vehicle Commissioner to decide in advance of the official consideration of the same subject matter by the Comptroller.

Chapter 11901, Acts 1927 (Sections 1327-1334 C. G. L.) authorizes the State Motor Vehicle Commissioner to incur expenditures for the purpose of his official administration, and makes him responsible on his official bond for any unlawful acts committed by him within the scope of exercise of his duties. It is therefore necessary for the Comptroller, when withholding payment of claims duly approved by the responsible officer, to show something more than a mere disagreement between him and the State Motor Vehicle Commissioner on the propriety of a particular expenditure which has been in good faith incurred, and the materials representing which have been already received and used by

the State, before said Comptroller can avoid a peremptory writ of mandamus to compel him to draw his warrant on the Treasurer to pay the account as approved and certified to by the State Motor Vehicle Commissioner as the responsible purchasing officer.

We hold the return of the Comptroller insufficient and grant the relator's motion to quash same and direct that judgment for a peremptory writ be entered in default of the filing within twenty days of an amended return conformable to the holding of this opinion.

WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concurs.

BROWN, J., dissents.