BEFORE THE SECOND DIVISION, FEBRUARY 15, 1939

No. 40644.—Protest 928980–G of Berg Friedberg & Co. (San Francisco).

KINCHELOE, Judge: This suit relates to certain merchandise assessed with duty at the rate of 35 percent ad valorem under paragraph 1413 of the Tariff Act of 1930, as manufactures of paper, not specially provided for, and which is claimed to be properly dutiable at but 30 percent ad valorem under the provision in said paragraph 1413 which reads as follows:

Papers and paper board and pulpboard, including cardboard, and leatherboard or compress leather, embossed, cut, die-cut, or stamped into designs, or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes or other articles, * * * and not specially provided for.

The case was submitted for decision on the official sample only without the introduction of any oral testimony. An examination of said sample, which was admitted in evidence and marked Exhibit 1, discloses that the merchandise in question consists of a strip of plain colored paper, approximately one-eighth of 1 inch wide, which has been wound as a coil, and which has a loop at one end to permit holding when in use. It is referred to in the record as a paper serpentin, and is what is commonly used as a streamer at carnivals and the like.

That the merchandise in question is an article, or is known as a "serpentin," does not, in our opinion, militate against the fact that it is paper cut in strips as contemplated by the provision invoked herein by plaintiffs. The specific language of said provision clearly indicates that it is not limited to papers, as material only. "Initials," "monograms," and "borders," mentioned therein, are articles which have a definite use and perform a specific purpose. The primary test for classification thereunder, in our judgment, is whether the imported merchandise fits the very explicit language employed therein. If the merchandise has merely changed its form, that, of itself, is not sufficient to preclude it from classification under said provision. The court has held that an *eo nomine* designation without terms of limitation includes all forms of the article, unless a legislative intent to the contrary appears. *Smillie* v. *United States* (11 Ct. Cust. Appls. 199, T. D. 38996) and *Nootka* v. *United States* (22 C. C. P. A. 464, T. D. 47464).

To support the classification of this merchandise by the collector as manufactures of paper counsel for the defendant has cited in his brief cases which held merchandise to be properly dutiable as manufactures as distinguished from mere material. But, in view of the character of the merchandise before us and the very explicit language of the provision invoked herein by plaintiffs, none of the cases cited by said counsel, in our judgment, has any application to the issue at bar.

In our opinion the provision for "Papers * * * embossed, cut, die-cut, or stamped into designs or shapes, such as initials, monograms, lace, borders, bands, strips, or other forms, or cut or shaped for boxes or other articles, * * * not specially provided for " under which the instant merchandise is claimed to be dutiable is what might be termed an intermediate provision between the provision for paper, as mere material, and the one for manufactures of paper. The precise language of said provision indicates an intent to include therein papers in the forms specified which may dedicate them to a particular use, thereby excluding them from the provision for paper as material which may have a variety of uses, and at the same time not being advanced to a condition where they are to be deemed manufactures of paper.

As the so-called paper serpentins in question appear before us, they are inherently paper in strips. That they have been wound in the form of a coil and have a loop at one end is wholly immaterial. It is true that winding it in the form of a coil and looping it at one end have placed the paper in a condition different from what it was when it was first cut from the roll, but certainly such operations are not to be regarded as manufacturing processes. The merchandise remains as

paper in strips. None of the distinguishing characteristics of the basic material has been disturbed.

These so-called paper serpentins seem to fit squarely within the language of the provision urged by plaintiffs. They are articles in the form of paper in strips, and are, in our judgment, clearly the type of merchandise contemplated by said provision. We quote as being applicable to the instant merchandise what was said in the case of *Knauth, Nachod & Kuhne* v. *United States* (3 Ct. Cust. Appls. 183, T. D. 32465), to wit: "A more specific provision as applied to the importations in question could not without great difficulty be devised."

We therefore hold the merchandise in question to be properly dutiable at the rate of 30 percent. ad valorem under the provision in said paragraph 1413 for "papers * * * cut * * * into designs or shapes, such as * * * strips, * * * and not specially provided for," as alleged by plaintiffs.

The protest is accordingly sustained, and the decision of the collector reversed. Judgment will be rendered accordingly.