(C. D. 289)

H. W. BRINTNALL Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 6, 1940)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation described on the invoice as "One Flat and Satchel Bag Machine 'Matador'." Duty was levied thereon at the rate of 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930 as a machine not specially provided for. It is claimed that said mechanism is

properly dutiable at but 25 per centum ad valorem under the same paragraph as printing machinery.

At the hearing held at Los Angeles on July 12, 1939, before Keefe, Judge, no sample of the imported merchandise was offered in evidence nor did the plaintiff submit any oral proof in support of its claim. Counsel for the plaintiff merely offered in evidence the following statement from the appraiser's "answer to protest":

Merchandise covered by this protest consists of a machine to make paper bags. This machine has a printing roller which permits bags to be made and printed in one operation, when bags with printed words are desired. The printing unit of the machine is useless without the bag making units, and the various units are one entirety.

Upon this record counsel for the plaintiff in their brief filed herein contend that the machine in question comes within the provision in paragraph 372 of the Tariff Act of 1930 for "printing machinery (except for textiles), bookbinding machinery and paper box machinery." In support of this contention counsel cite numerous decisions of this and of the appellate court in cases arising under the Tariff Acts of 1909, 1913, and 1922, none of which, in our opinion, has any application to the facts in the instant case.

While it is undoubtedly true, as stated in said brief, that the Congress in the Tariff Act of 1930 provided for printing machinery instead of printing machines, nevertheless, in spite of this broadening of this tariff provision a machine to come within the new provision must be a printing machine or printing machinery. The provision does not admit machines which do other than printing. It is manifest that the machine at bar is more than printing machinery, and the printing is merely incidental to its main function. It is primarily a paper bag making machine which, only when it is desired, can print something on the bags.

In the case of *Kraut v. United States*, 130 Fed. 392, T. D. 25178, 7 Treas. Dec. 568, the United States Circuit Court for the Southern District of New York had before it the question of the tariff classification of certain printed paper bags. In affirming the decision of this court (then the Board of General Appraisers) the appellate court held that paper bags with incidental printing thereon were still paper bags and not printed matter within the meaning of paragraph 403 of the Tariff Act of 1897, and as such were properly dutiable under paragraph 407 of said act as manufactures of paper not specially provided for. So far as we know that decision has been consistently adhered to.

It is well known that paper box machinery frequently has printing attachments whereby paper boxes may have labels or like matter printed thereon. If the Congress had intended to include in the provision for printing machinery all machinery where there is a printing

unit as an incidental feature, there would have been no need of a separate provision for paper box machinery. In our opinion, if the Congress had intended to provide in paragraph 372 for paper bag machinery at the rate of 25 per centum ad valorem, there would have been included an *eo nomine* provision therefor in said paragraph.

Apart from any other consideration we are of the opinion that the case of *United States* v. *Sutherland International Despatch, et al.* 21 C. C. P. A. 264, T. D. 46790, is here controlling. In that case the appellate court had before it the question of the tariff classification of certain brass channels lined with felt. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It was claimed to be properly dutiable at the rate of 12 cents per pound under the provision in paragraph 381 of said act for "brass angles or channels." In reversing the decision of this court sustaining said claim the appellate court said:

> In the case at bar, \* \* \* it may be said that although the major part of the article here involved, in its first estate, was a brass channel, it nevertheless became something more than that when it was subsequently lined with felt. \* \* \*

In the cited case the article in question was primarily a brass channel to which had been added a felt lining. On the other hand, in the case at bar it is uncontradicted that the machine in question is chiefly and primarily a paper bag making machine, the printing attachment being merely incidental and only used when particularly desired.

Upon the established facts and the law applicable thereto we hold that the machine in question is properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of the act of 1930 as a machine not specially provided for, as classified by the collector. All claims of the plaintiff are therefore overruled and judgment will be rendered accordingly.