## UNITED STATES *v.* BORGFELDT & Co. (No. 2749) [1]

CONSTRUCTION, PARAGRAPH 1430, TARIFF ACT OF 1922—"FILAMENTS"—
   CHANGE IN LANGUAGE—EMBROIDERED RUGS OF FELT.

   In construing the provision of paragraph 358, tariff act of 1913, for embroidered articles "of whatever yarns, threads, or filaments composed," this court held that the quoted language was restricted to such yarns, threads, or filaments "as are generally known as materials for knitting, weaving, or sewing." Paragraph 1430 of the 1922 act, providing for such "when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213," makes no change in this definition. Consequently, rugs of goathair felt are not made of "filaments;" and so, their being embroidered does not subject them to duty under this paragraph. Their alternative classification as floor coverings, under paragraph 1117, is conceded.

United States Court of Customs Appeals, November 19, 1926

APPEAL from Board of United States General Appraisers, G. A. 9086, T. D. 41316

[Affirmed.]

*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.
*Thomas J. Doherty* for appellees.

[Oral argument October 5, 1926, by Mr. Futrell and Mr. Doherty]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

On March 20, 1924, the appellee imported at New York certain oriental wool rugs. The testimony, together with an inspection of the official sample, shows the imported articles to be oblong, each

---

[1] T. D. 41873.

about $3\frac{1}{2}$ by $5\frac{1}{2}$ feet in size. They are made and in chief value of a foundation material of felted goat wool, pounded and pressed together, without further manufacturing process. About the margin of the rug the fibers of which it is composed are drawn out into a fringe from 2 to 4 inches in length. The rugs are ornamented with embroidered designs made with yarn or thread of various colors, the yarns or threads being drawn through the foundation material and worked into such designs upon one surface. The individual hairs of which the felt foundation is composed are of various lengths, none apparently exceeding four inches, and incapable, without being united with other material and further processed, of being used in weaving, knitting, sewing, or other similar processes.

The articles were classified for duty as embroidered articles under paragraph 1430 of the Tariff Act of 1922, at 75 per centum ad valorem. It was stipulated by counsel that if the goods were not dutiable as assessed, they were dutiable as floor coverings, including mats and druggets, not specially provided for, composed wholly or in chief value of wool, at 30 per centum ad valorem, under paragraph 1117 of said act. The Board of General Appraisers sustained the protest of the importer and held the goods to be dutiable as provided in said paragraph 1117, pursuant to said stipulation. From that judgment the Government has appealed.

The material portions of the paragraphs of the Tariff Act of 1922 are as follows:

PAR. 1430. * * * embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, scalloped, or ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem.

PAR. 1117. * * * All other floor coverings, including mats and druggets, not specially provided for, composed wholly or in chief value of wool, 30 per centum ad valorem.

In its final analysis, there is but one question presented here, namely: Are the articles here composed wholly or in chief value of filaments? If they are, they should be classified under said paragraph 1430; if not, the judgment of the court below should be affirmed. No contention is made by the Government that the articles are composed wholly or in chief value of yarns or threads or of any of the various other materials named in said paragraph, except filaments.

This is not a matter of first impression with this court. In *United States* v. *Veit, Son & Co.*, 8 Ct. Cust. Appls. 290, this court was considering the dutiability of certain bullion and lame fringes, which had been assessed with duty as "trimmings * * * of whatever yarns, threads, or filaments composed," under paragraph 358 of the tariff act of October 3, 1913, the predecessor paragraph of paragraph 1430 of the Tariff Act of 1922. The court, in the case cited, after quoting lexicographic authorities, used this language:

> According to these definitions the associated terms "yarns, threads, or filaments" would ordinarily apply to such materials only as may be used in the generally known processes of knitting, weaving, or sewing. This interpretation is approved in the present case by a comparison of the several provisions of the tariff paragraph in question. That paragraph names many specific articles, all of which are made by knitting, weaving, or sewing, or similar processes, and finally applies to all of them the phrase now under review, to wit, "all of the foregoing of whatever yarns, threads, or filaments composed."

> We are therefore convinced that these terms were intended to cover only such materials as are generally known as materials for knitting, weaving, or sewing, and inasmuch as the present lame or lahn, and bullion, are incapable of such use the goods of which they compose the chief value do not answer to the qualifications of the paragraph.

It will be noted that the compelling reason inducing this conclusion of the court was that, because of the very character of the articles classified in paragraph 358, it must have been the congressional intent to limit the meaning of the words "yarns," "threads," and "filaments" to such yarns, threads, and filaments as could be used to make such articles. The court did not attempt to say that bullion or lame might not be filaments, but, rather, that they were not such filaments as Congress had in mind while drafting this paragraph.

This court, again, in *Rolland Frères (Inc.)* v. *United States*, 11 Ct. Cust. Appls. 321, had before it certain visca and narrow bands and strips of cellophane. These were classified by the collector under paragraph 319 of the tariff act of October 3, 1913, as "yarns," "threads," and "filaments" of artificial silk or imitation silk and as "articles or fabrics composed wholly or in chief value of yarns, threads, filaments, or fibers of artificial or imitation silk." These articles were held to be not properly classifiable as such even by similitude, for the reason that they could not be used "substantially in the way true yarns, threads, fibers, and filaments may be used in weaving, knitting, embroidering, or in similar processes."

This court thus, in the two cases cited, defined in a tariff sense the terms "yarns," "threads," and "filaments." Thereafter the Congress enacted the Tariff Act of 1922, and, we must assume, having in mind the construction thus placed upon these terms. In rewriting paragraph 358 of said tariff act of 1913 as paragraph 1430 of the

Tariff Act of 1922, the concluding portion of said paragraph 358, as follows:

\* \* \* all of the foregoing of whatever yarns, threads, or filaments composed—

was made to read in said paragraph 1430:

\* \* \* when composed wholly or in chief value of yarns, threads, filaments, *tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213.* (Italics ours.)

It is contended this change of language was intended to meet and obviate the necessity of further judgments such as those rendered in the *Veit* and *Rolland Frères* cases above referred to, and that, therefore, those cases should no longer be followed as authorities. That the enactment of said paragraph 1430 did obviate the difficulty as to the material involved in both cases cited, can not be doubted. But we are totally unable to discover any apparent intent to disturb the construction which we gave in those cases to the terms "yarns," "threads," and "filaments," when applied to any other materials except as to those particularly inserted in said paragraph 1430, and which we have, in the quoted portion, italicized. To have disclosed such an intent would have been comparatively easy and might have been evidenced by a very slight change of language; in the absence of such a change, we are not justified in concluding the Congress intended any different construction to be placed upon these terms.

The Government relies largely upon *Kayser & Co.* v. *United States,* 13 Ct. Cust. Appls. 474, T. D. 41367, and the opinion therein filed. In that case the articles in question were sueded warp knit cotton fabric gloves, embroidered. The importer contended that the gloves could not come within paragraph 1430, because the yarns, threads, and filaments used to fabricate them had lost their identity during the weaving process. The court held there that, it being conceded the goods had been fabricated of yarns, threads, or filaments, even although the identity of the threads or yarns might have been somewhat obscured in weaving, they were nevertheless identifiable, at least as filaments, and this claim of the importer could not be sustained. That case is not out of harmony with the conclusion reached by us in the case at bar.

For the reasons given, the judgment of the court below is *affirmed.*