BEFORE THE SECOND DIVISION, MAY 11, 1950

**No. 54326.**—Canadian Hooked Rug Importers Co. *v.* United States, protest 129603–K (Boston).

FORD, Judge:   The question presented for our determination by the above-stated case is the proper classification of certain imported merchandise which was

classified by the collector as cotton rags braided into rugs with the consequent assessment of duty thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930. Claim is made by the plaintiff herein that said merchandise should be classified as rugs, wholly or in chief value of cotton, and assessed with duty at only 35 per centum ad valorem under paragraph 921 of the Tariff Act of 1930.

The two involved paragraphs, so far as here pertinent, are as follows:

PAR. 1529. (a) * * * braids, * * * and fabrics and articles wholly or in part thereof, finished or unfinished, * * * by whatever name known, and to whatever use applied, and whether or not named, described or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, * * * 90 per centum ad valorem.

PAR. 921. * * * all other floor coverings, including carpets, carpeting, mats, and rugs, wholly or in chief value of cotton, 35 per centum ad valorem.

At the trial of the case a sample representing the involved merchandise was admitted in evidence and marked exhibit 1. There was also admitted in evidence and marked exhibit 2, a letter addressed to the acting collector of customs, Boston, Mass., signed by Frank Dow, Assistant Commissioner of Customs, for our consideration. Counsel for the plaintiff called the appraiser of merchandise at Boston who testified that the involved merchandise consists of rugs composed of cotton rags; that the rags are first made into a braid by hand; and that these braids are then sewn together to form the rug. On cross-examination the witness stated that the rags were first cut into strips and then six strips were braided together much as a youngster braids her hair. It was also established by the witness on direct examination that the rugs are in chief value of cotton.

Counsel for the plaintiff in his brief filed herein contends that the facts in the cases of *Kayser & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 474, T. D. 41367, and *United States* v. *Finchley, Inc.*, 27 C. C. P. A. (Customs) 58, C. A. D. 63, are entirely different from the facts in the instant case, and that, therefore, those cases have no controlling effect here. Counsel for the plaintiff further contends that this case is governed by the principles announced in *United States* v. *Borgfeldt & Co.*, 14 Ct. Cust. Appls. 240, T. D. 41873, and *United States* v. *Marshall Field & Co.*, 18 C. C. P. A. (Customs) 228, T. D. 44404, and urges further that the construction for which he contends is supported by the Summary of Tariff Information, 1929, under paragraph 1430, Tariff Act of 1922.

Counsel for the defendant insists that the issue here presented is controlled by the *Kayser* and *Finchley* cases, *supra*, and points out certain facts in the *Borgfeldt* and *Marshall Field* cases, *supra*, which he contends distinguish those cases from the present case.

In our opinion, the contention of counsel for the plaintiff that the involved rugs are made of strips of rags and are therefore not in chief value of yarns, threads, or filaments, cannot be sustained. It is our view that this contention of the plaintiff was definitely answered by our appellate court in the *Kayser* case, *supra*. Since the facts in the two cases are so nearly parallel, we are unable to distinguish one from the other, and thus avoid the controlling effect which we feel that decision must be given in the instant case.

The merchandise in the *Kayser* case, *supra*, consisted of sueded warp-knit cotton fabric gloves on the backs of which were three groups of thread effects in relief which were classified as being embroidery. There, as here, in substance—

Importer asserts that the yarns, threads, and filaments used to manufacture the fabric lost their identity after the weaving process was complete, and that as the gloves are in chief value of *cotton cloth* and not composed wholly or in chief value of yarns, threads, or filaments they are not *fabrics* and articles embroidered within the meaning of paragraph 1430. * * *

In disposing of the above contention, our appellate court said:

* * * The fabric of the gloves is composed wholly of yarns, threads, or filaments, and to give to the paragraph the interpretation claimed by the importer would result in an absurdity which we can not attribute to Congress.

The statute unmistakably refers to the basic material of which the embroidered article is composed. The gloves are made of cotton cloth; nevertheless it may be said with entire truth that they are composed of cotton yarns, threads, and filaments. Certainly the yarns, threads, and filaments have been processed by weaving; but as they have not been destroyed to the extent that they are no longer identifiable, at least as filaments, the gloves made of the woven fabric are within the meaning of the paragraph. Embroidery is always imposed on textiles after the textile surface has been woven, and to uphold the importer's contention would result in rendering the embroidery provision of paragraph 1430 inoperative as to all textile embroidered articles ready for ultimate consumption.

To paraphrase the language quoted above from the *Kayser* case, it might be said in the instant case that the strips of rags of which the rugs are made are composed wholly of yarns, threads, or filaments, and to give to this paragraph the interpretation contended for by the plaintiff herein would result in an absurdity which we cannot attribute to Congress. The rugs are made of cotton rags; nevertheless, it may be said with entire truth that they are composed of cotton yarns, threads, or filaments. To be sure, the yarns, threads, and filaments have been processed by weaving, then cut into strips and braided, but as the yarns, threads, or filaments have not been destroyed to the extent that they are no longer identifiable, at least as filaments, the rugs made of these woven strips of braided rags are within the meaning of paragraph 1529 (a).

In the *Finchley* case, *supra*, the contest was between paragraphs 31 and 1430 of the Tariff Act of 1922, and no claim was made by either party that the merchandise there involved was not in chief value of yarns, threads, or filaments. The above observation finds confirmation in the following quotation from the *Finchley* case, *supra:*

The substance of the contention on behalf of the importer is that articles which have braid as a part thereof do not fall within paragraph 1430, *supra*, unless the braid, if imported separately, would itself be classifiable thereunder; that the artificial silk braid in the hats here involved, being in chief value of compounds of cellulose, would not, if imported separately, be classified under paragraph 1430, *supra*, but under paragraph 31, *supra*, particularly because of the phrase "by whatever name known" coupled with the proviso reading "That all such articles * * * whether or not more specifically provided for elsewhere, shall be dutiable under this paragraph," and hence that the complete article falls within the above-quoted portion of paragraph 1114.

While generally the pronouncements made in the *Finchley* case, *supra*, support the contention made by the defendant herein, we do not consider that case as decisive of the issue here presented.

In the *Borgfeldt* and *Marshall Field* cases, *supra*, the merchandise in one instance consisted of rugs of goat-hair felt and in the other it consisted of rugs of wool felt, but in neither instance was the felt at any time manufactured to the point where it was recognized as a yarn, thread, or filament, and for that reason, and that reason alone, our appellate court refused the rugs classification under paragraph 1430 of the Tariff Act of 1922, even though they were in part of appliqué in one instance and in part of embroidery in the other instance. These two cases furnish no support for the contention of the plaintiff herein. Neither are we able to hold that the Summary of Tariff Information, 1929, lends any support to plaintiff's contention.

After a careful consideration of the facts presented, together with an examination and consideration of the authorities relied upon by the respective parties, it is our opinion that the plaintiff's claim herein is without merit. All claims of the plaintiff are therefore overruled. Judgment will be rendered accordingly.