A. H. RINGK & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 22, 1908.)

No. 5,077.

CUSTOMS DUTIES (§ 36\*)—CLASSIFICATION—FEATHERED POST CARDS—"PRINTED MATTER."

Imported post cards bore on the face words printed in different languages and on the back printed pictorial representations, and were ornamented with feathers; the feathers being the element of chief value. *Held*, that the printing, and not the feathers, constituted the chief feature of the cards, and that therefore the cards were "printed matter," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 403, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.\*

For other definitions, see Words and Phrases, vol. 6, pp. 5563–5564; vol. 8, p. 7763.]

On Application for Review of a Decision by the Board of United States General Appraisers.

In the decision below the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York. Following is an extract from the Board's opinion:

FISCHER, General Appraiser. These protests are in regard to the classification of pictorial post cards ornamented with feathers. \* \* \* On one side of such cards the inscription "post card" is printed. This is the only printed matter on the address side, and it appears repeated in various languages. On the reverse side appear pictures of birds, which have been printed by process other than lithographic and are colored. The coloring has been done by stenciling with water color. The printed and coloring matter act merely as a background to display the birds, which appear in their plumage, represented by ornamental feathers, dyed and colored, and pasted and affixed upon such pictures. We are of the opinion that the claim as printed matter cannot be maintained. The feathers being of greatest value, and the printed matter insignificant and subordinate in character, such printed matter would not govern the classification any more than the coloring matter would govern it as paintings.

Everit Brown, for importers.
J. Osgood Nichols, Asst. U. S. Atty.

PLATT, District Judge (orally). The merchandise in controversy consists of post cards. Upon the face of the cards appear certain words, printed in different languages, and upon the reverse side appear certain pictorial representations produced by printing, and in addition an ornamentation of feathers. They were classified for duty as feathers manufactured, under paragraph 425, Schedule N, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1675). The importer set forth various claims in his protest, which upon the argument were limited to the provision contained in paragraph 403, Schedule M, of the act (30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]), for "printed matter."

If the post cards were imported minus the ornamental feathers, they would without doubt be classifiable as printed matter under paragraph

403. The only choice in that case would be between printed matter and the catch-all clause of paragraph 407 (30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]), for manufactures of paper not otherwise provided for. The printing upon the cards is not insignificant and subordinate in character. It is the chief thing, without which, even with the ornamentation, the merchandise would be of no practical value. The ornamentation, rather than the printed matter, appears to be the incidental feature of the article.

If an attempt should be made hereafter to introduce valuable merchandise under the guise of "printed matter," the reversal of the Board herein ought not to be considered as a precedent. I think the merchandise as imported ought to be classified as "printed matter," under said paragraph 403.

The decision of the Board of Appraisers is therefore reversed.