## UNITED STATES v. ALTMAN & Co. (No. 1806).[1]

1. CHIEF-VALUE RULE—DOWN IN QUILTS NO EXCEPTION TO—PREDOMINANT MATERIAL.

It is the rule that a tariff provision for articles of, made of, composed of, or manufactured of a given material requires that the articles must be composed either wholly or in chief value of that material. While it is possible to note some exceptions to this rule in case the predominating material should not be the material of chief value, the down in silk quilts can not be held such an exception.

2. DOWN-FILLED SILK QUILTS, SILK CHIEF VALUE.

Down-filled silk quilts, silk being the component material of chief value, are dutiable as manufactures in chief value of silk (par. 318, tariff act of 1913) and not as "quilts of down" (par. 347).

### United States Court of Customs Appeals, May 21, 1917.

APPEAL from Board of United States General Appraisers, G. A. 8003 (T. D. 36883). [Reversed.]

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

*Churchill, Marlow & Hines* for appellees.

[Oral argument May 1, 1917, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

In this case neither brief nor argument is submitted on behalf of the importers. There are no samples and no evidence except the

---

[1] T. D. 37272 (33 Treas. Dec. 41).

appraiser's report, which was admitted by agreement before the board, was there and is here treated as evidence and is as follows:

The merchandise consists of cotton or flax handmade lace curtains, some of which are also embroidered by hand. It was returned for duty at 60 per cent ad valorem under paragraph 358, act of 1913, and down-filled silk quilts, silk the component material of chief value, returned as a manufacture in chief value of silk at 45 per cent ad valorem, paragraph 318, act of 1913.

As to the curtains therein referred to, no claim was made before the board that they were improperly assessed and the protest relating thereto was overruled, which judgment is hereby affirmed.

As to the quilts, the board, with no evidence other than as already appears, said they were admittedly "quilts of down," that therefore down was the predominant and indispensable material determining the name and character of the quilts, that it thought in common speech the eo nomine statutory description, "quilts of down," included the articles and held under the authority of Hempstead & Son *v.* United States (168 Fed., 450; T. D. 29634) and Woodruff & Co. *v.* United States (168 Id., 452; T. D. 29645), that they were classifiable under paragraph 347 of the tariff act of 1913, as claimed by the importers, rather than under paragraph 318, as assessed by the collector.

The material part of paragraph 347 is as follows:

347. Feathers and downs, * * * when dressed, colored, or otherwise advanced or manufactured in any manner, and not suitable for use as millinery ornaments, including quilts of down and manufactures of down, 40 per centum ad valorem * * *.

Paragraph 318 provides for "all manufactures of silk, or of which silk or silk and india rubber are the component materials of chief value, not specially provided for."

That a tariff provision for articles of, made of, composed of, or manufactured of a given material generally requires that the articles to be dutiable thereunder must be composed either wholly of the material specified or in chief value thereof, is a rule so often announced that it is unnecessary for an extended citation of authorities supporting the same. See Kenyon Co. *v.* United States (4 Ct. Cust. Appls., 344; T. D. 33529).

That under certain circumstances exceptions to this rule have been recognized is illustrated by the cases above mentioned, referred to by the board in its opinion.

That exception has been recognized in this court in the cases, among others, of Hawley & Letzerich *v* United States (6 Ct. Cust. Appls., 45; T. D. 35322) and Blumenthal & Co. et al. *v.* United States (5 Ct. Cust. Appls., 327; T. D. 34529). In the case last cited, referring to the Hempstead and Woodruff cases, it was said:

We are not disposed here to say that a case may not again arise relating to an article eo nomine referred to in a tariff statute in which it may not be held that its classification is to be determined by the predominant material rather than the component

material of chief value. To warrant that holding, however, we think it must at least appear that such predominant material, though not the component of chief value, nevertheless gives to the article its name, form, and shape, and determines its character and use, and that in addition it should clearly appear that in the common understanding the eo nomine statutory description included the article under consideration without regard to its component material of chief value.

The case of Hempstead, above referred to, involved a wooden table with decorations consisting mainly of brass work inlaid or affixed and of more value than the wood. The Woodruff case related to a sofa and set of chairs with wooden frames upholstered with Aubusson tapestry, the component of chief value. In each case the wood was, however, the predominant material. It was that which gave shape and form to the article and was a material which at once met the eye upon visual inspection.

In the case at bar, down, while indispensable to make these quilts, is not, if the quilts are like those in ordinary use, a material apparent to the eye, unless the quilts are ripped open. The fact that it is an indispensable does not necessarily establish that it is a predominant material. Indeed, so far as structure or use is concerned, we do not see how it can be said to be more predominant than the silk.

We think, if the view of the board be adopted, it would be, to say the least, an extension of the principle of the Hempstead and Woodruff cases of doubtful wisdom. It would also constitute an invasion of the general and safe rule of chief value adopted in the Kenyon case, supra, and in the many other cases therein referred to, which we are unwilling on this record to undertake.

There is no question of commercial designation here. The collector's classification is presumed to be correct and we find no sufficient reason to disagree therewith.

The judgment of the Board of General Appraisers is reversed.