BEFORE THE FIRST DIVISION, JULY 28, 1955

**No. 59233.**—W. S. Parker Shipping Company *v.* United States, protest 225000–K (Norfolk).

MOLLISON, Judge:   The merchandise the subject of this protest consists of glazed wall tile, other than quarries or quarry tile or ceramic mosaic tile, valued at not more than 40 cents per square foot, and not wholly or in part of cement. It was assessed with duty at the rate of 10 cents per square foot under the provisions of paragraph 202 (a) of the Tariff Act of 1930 as in force and effect immediately prior to the effective date of the rates of duty applicable to such merchandise pursuant to the notification of the President to the Secretary of the Treasury with respect to the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52857.   The protest claim is that the merchandise should have been assessed with duty at the lower rate applicable to merchandise entered on and after the said effective date, November 17, 1951.

The record establishes that the entry was filed on November 16, 1951, and estimated duties deposited as of that date.   A delivery permit was issued but the same was not unconditional in that it required 10 percent of the merchandise covered by each invoice to be examined and measured on the wharf prior to release of the merchandise from customs custody.   This was not accomplished until November 21, 1951, and the merchandise was released as of that date.

Pursuant to the Presidential notification published therein, T. D. 52857 provides that the rates of duty prescribed in said notification "will be applicable to articles which are entered, or withdrawn from warehouse, for consumption on or after the effective date indicated for the respective item in the President's letter." The said effective date, in the case of articles such as those at bar, was November 17, 1951.

The sole issue before us, therefore, is whether the merchandise at bar was "entered for consumption" before, or on or after, November 17, 1951.   The rule governing such cases was expressed by our appellate court in the case of *United States* v. *Mussman & Shafer, Inc.,* 40 C. C. P. A. (Customs) 108, C. A. D. 506, and is to the effect that, in the absence of contrary statutory provision, goods are not "entered" for the purpose of determining the duties applicable thereto until the transaction of entry is complete by the payment of duties and the issuance of an unconditional delivery permit passing control of the goods to the importer or owner.

No contrary statutory provision appears herein, and it is clear that control of the goods did not pass to the importer or owner in this case until the required examination and measurement had been accomplished on November 21, 1951,

that is to say, after November 17, 1951. The duties applicable on that date were 5 cents per square foot, but not less than 25 percent nor more than 35 percent ad valorem, under schedule XX of the Torquay Protocol.

Judgment will, therefore, issue sustaining the protest claim accordingly.