## (C.D. 2349)

## Israel Menchaca *v.* United States

United States Customs Court, Second Division

(Decided June 20, 1962)

*Hall & Hall* and *Stein & Shostak* (*Marjorie M. Shostak* and *S. Richard Shostak* of counsel) for the plaintiff.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Sheila N. Ziff* and *Mollie Strum*, trial attorneys), for the defendant.

Before Lawrence, Rao, and Ford, Judges

Ford, Judge: This case was submitted for decision at the 1961 session of the court at Laredo, Tex. The importation herein consists of six packages of postcards, imported from Mexico. The merchandise was entered on October 11, 1956, and five packages were physically released to the importer and one package retained by the appraiser. On October 12, 1956, an export entry was filed and all six packages, including the examination package which had been

held in continuous customs custody at the Appraiser's Stores, were exported on October 13, 1956, in purported compliance with the provisions of sections 8.49 and 18.25 of the Customs Regulations, as amended. The examination package was exported with no assessment of duty, while the other five packages were assessed with duty at the rate of 45 per centum ad valorem under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as articles in chief value of rayon, ornamented.

Plaintiff, by its protest and timely amendment thereto, contends that the shipment is nondutiable as a nonimportation, or, if dutiable, said postcards are properly subject to the rate of 5 cents per pound under the provisions of paragraph 1406 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as lithographic paper postcards over 0.020 inch thick.

The pertinent portions of the statutes and customs regulations involved herein are as follows:

Paragraph 1529(a) of the Tariff Act of 1930:

* * * fabrics and articles embroidered * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, * * *.

Paragraph 1529(a) of the Tariff Act of 1930, as modified by T.D. 54108, *supra*:

Articles (including fabrics), ornamented:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|
| | | | Not wholly or in chief value of vegetable fiber_____ | | | 45% ad val. |

Paragraph 1406 of the Tariff Act of 1930:

Pictures, calendars, cards, * * * and other articles, composed wholly or in chief value of paper lithographically printed in whole or in part from stone, gelatin, metal, or other material * * * not specially provided for, * * * all articles other than those hereinbefore specifically provided for in this paragraph, * * * exceeding twenty one-thousandths of one inch in thickness, * * *.

Paragraph 1406 of the Tariff Act of 1930, as modified by T.D. 51802, *supra*:

All articles provided for in the provisions of paragraph 1406, Tariff Act of 1930, for "all articles other than those hereinbefore specifically provided for in this paragraph":

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|
| | | | Exceeding twenty one-thousandths of one inch in thickness_____ | | | 5¢ per lb. |

Sections 8.49 and 18.25 of the Customs Regulations, as amended:

ENTRY FOR EXPORTATION, ENTRY BY APPRAISEMENT,
INFORMAL ENTRIES, AND PACKED PACKAGES

8.49 Entry for exportation; exportation of rejected merchandise.—(a) Merchandise in customs custody for which entry has not been completed and merchandise which has remained in continuous customs custody and is covered by an unliquidated consumption entry may be exported under the procedure outlined in §§ 18.25—18.27 of these regulations with refund of any estimated duties paid.

EXPORTATION FROM CUSTOMS CUSTODY OF MERCHANDISE UNENTERED OR COVERED BY AN UNLIQUIDATED CONSUMPTION ENTRY, OR MERCHANDISE DENIED ADMISSION BY THE GOVERNMENT

18.25 Direct exportation.—(a) * * * when no entry has been made or completed for merchandise in customs custody, or when the merchandise is covered by an unliquidated consumption entry, * * * and such merchandise is to be exported directly without transportation to another port, an entry on customs Form 7512 shall be filed in quadruplicate. However, the collector may require an extra copy or copies to be furnished for use in connection with the delivery of the merchandise to the carrier named in the entry.

The record in the instant case consists of the testimony of Mr. S. W. Trout, deputy collector of customs at the port of Laredo, Tex., and Mr. Cesar A. Parias, examiner at the port of Laredo, Tex., a sample of the imported merchandise (plaintiff's exhibit 1), customs Form 7512 (export entry 463), received as defendant's exhibit A, together with official papers, and stipulation of counsel.

The following facts were agreed to in the stipulation entered into by and between counsel for the respective parties:

That on October 11, 1956, Israel Menchaca, plaintiff herein, imported six packages of postcards from Mexico. On the same date entry was made therefor under Consumption Entry No. 1220 as "postcards litho-printed over .202″ thick" under paragraph 1406 of the Tariff Act of 1930 at the rate of 5¢ per lb., and Term Bond No. 104 was given. That same date, all packages were weighed, one package was sent to the appraiser's stores for examination and the remaining five packages were physically released to the importer pursuant to the signed carrier's certificate and release order, and the consumption entry permit.

That upon examination of the merchandise in the examination package the appraiser advisorily classified it as articles in chief value of rayon, ornamented, under paragraph 1529 of the Tariff Act as amended at the rate of 45% ad valorem.

That on October 12, 1956, one day after entry of the merchandise, Export Entry No. 463 was filed and on October 13, 1956, all six packages (the examination package which had been held in continuous customs custody at the appraiser's stores, and the five packages which had been physically released to the importer), were exported as indicated in Exportation Entry 463.

That the Collector adopted the advisory classification of the merchandise by the Appraiser as articles in chief value of rayon, ornamented, under paragraph 1529 of the Tariff Act, as amended, at the rate of 45% ad valorem, and liquidated the entry on April 23, 1957.

Additional duties in the amount of $179.19 were assessed on the five packages which had been physically released to the importer; no duties were assessed on the examination package remaining in continuous customs custody.

Plaintiff contends that section 8.49 of the Customs Regulations, *supra*, covers two types of merchandise:

1. Merchandise in customs custody for which entry has not been completed;

and

2. Merchandise which has remained in continuous customs custody and is covered by an unliquidated consumption entry.

It is further contended that since the first category does not utilize the word "continuous," there is no requirement that merchandise for which entry has not been completed shall remain in continuous customs custody.

Based upon the foregoing and citing the cases of *United States* v. *Mussman & Shafer, Inc.*, 40 C.C.P.A. (Customs) 108, C.A.D. 506, and *W. S. Parker Shipping Company* v. *United States*, 35 Cust. Ct. 220, Abstract 59233, it is the position of plaintiff herein that since the five packages physically released to the importer were subject to recall by the collector, they were never unconditionally released and, accordingly, the entry was never completed and the merchandise was in customs custody.

Our appellate court, in the *Mussman & Shafer* case, *supra*, quoted with approval from the trial court as follows:

\* \* \* Obviously, the decision in this case turns upon the meaning to be ascribed to the term "entered for consumption." The plaintiff contends that that term refers to a transaction which is not complete so that the goods may be said to have been "entered for consumption" until all of the acts and formalities required in connection with the entry of merchandise—including the filing of the entry papers and payment of estimated duties on the part of the importer, and acceptance of the entry and issuance of a delivery permit on the part of the Government—have been performed, *and, in addition, either the merchandise be present and available for delivery to the importer at the port of entry or be actually physically released to the importer.* The defendant contends that the term refers only to the filing of the entry document with the collector. [Italics quoted.]

From the foregoing quotation, it is quite apparent that the *Mussman & Shafer* case, *supra*, is clearly distinguishable from the case at bar, since the merchandise herein was actually physically released to the importer. In the *Mussman & Shafer* case, *supra*, and in the *Parker Shipping Company* case, *supra*, the merchandise could not have been released until the completion of certain customs functions, i.e., measurement. In the case at bar, the permit was issued and five packages were physically released to the importer. Accordingly, we are of the opinion that these cases do not control the situation such as is present in the case at bar. In the case at bar, the five packages exported under export entry 463 were not exported in compliance with section 8.49 of Customs Regulations, *supra*, since they were not in customs custody.

The question as to the proper classification of the involved cards, based upon the alternative claim of plaintiff herein, must next be considered.

Examination of the official papers and the stipulation of counsel reveals that the merchandise was classified by the collector of customs as "articles in chief value of rayon, ornamented," under the provisions of paragraph 1529 (a) of the Tariff Act of 1930. Paragraph 1529 (a), as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, *supra*, does not utilize such language but does provide for "Articles (including fabrics), ornamented: * * * Not wholly or in chief value of vegetable fiber," at the rate of 45 per centum ad valorem, which rate was assessed herein.

The applicability of paragraph 1529 (a) has been determined by the courts on many occasions and requires that the ornamented article must have had a previous existence and be composed wholly or in chief value of filaments, yarns, or threads. *United States* v. *Field & Co.*, 10 Ct. Cust. Appls. 183, T.D. 38550; *United States* v. *Borgfeldt & Co.*, 14 Ct. Cust. Appls. 240, T.D. 41873; *United States* v. *Marshall Field & Co.*, 18 C.C.P.A. (Customs) 228, T.D. 44404; *W. X. Huber Co.* v. *United States*, 33 C.C.P.A. (Customs) 46, C.A.D. 315.

In the *Field* case, *supra*, the court set forth the doctrine that ornamentation must be superimposed upon a previously completed fabric or article, not merely a material, which fabric or article must be composed of yarns, threads, or filaments.

In the *Borgfeldt* and *Marshall Field* cases, *supra*, the court held that the term "article" in paragraph 1430 of the Tariff Act of 1922 (the predecessor of the statute involved herein), required that it be composed wholly or in chief value of material which, in the process of its making, was actually yarns, threads, or filaments. In those cases, the court held that felt articles did not fall within the purview of said paragraph 1430 as they were not composed of yarns, threads, or filaments.

In the *Huber* case, *supra*, certain embroidered table covers and napkins, made from a cloth produced by weaving strands of grass, were held to be properly dutiable under paragraph 1529 (a) of the Tariff Act of 1930. The court therein, citing the *Borgfeldt* and *Marshall Field* cases, *supra*, concluded that the so-called strands, having been woven into an article, fell within the purview of said paragraph.

Under the rule of these decisions, the postcards here in question, being articles composed of paper, ornamented with, but not composed of, yarns, threads, or filaments, cannot find classification under paragraph 1529 (a), *supra*. Accordingly, the classification of the collector under paragraph 1529 (a), *supra*, is erroneous.

It is the alternative contention of plaintiff herein that the merchandise is properly dutiable under the provisions of paragraph 1406 of the Tariff Act of 1930, as modified, *supra*, and, as such, properly dutiable thereunder at the rate of 5 cents per pound. In order to fall within the purview of the first portion of said paragraph, the involved merchandise must have the following attributes:

1. Pictures, calendars, cards, placards, and other articles;
2. Composed wholly or in chief value of paper;
3. Lithographically printed in whole or in part from stone, gelatin, metal, or other material;
4. Be not specially provided for.

There can be no question but that the merchandise before us is a card, to wit, a postcard. The question of whether said postcard is wholly or in chief value of paper and is lithographically printed is another matter. The record is barren of any evidence on this point, but an examination of the sample of the imported merchandise, plaintiff's exhibit 1, reveals that the card, apart from its ornamentation, is paper. While we have held under the interpretation of paragraph 1529 (a) that said card was not composed wholly or in chief value of yarns, threads, or filaments, for the purpose of that paragraph, we did not hold as to which component material was in chief value. Based upon the classification, as stipulated, the whole postcard, as an entity, is in chief value of rayon yarn.

Accepting this stipulated fact, it would clearly appear that classification under the first portion of paragraph 1406, *supra*, could not be accomplished, since the card, in its entirety, is not in chief value of paper.

Plaintiff claims under the provisions of paragraph 1406, *supra*, relating to "all articles other than those hereinbefore specifically provided for in this paragraph." Since the involved merchandise is a card which is not in chief value of paper, it clearly falls within the purview of the aforementioned language if its thickness exceeds twenty one-thousandths of 1 inch. The export entry received in evidence as defendant's exhibit A and the official papers which were received, without objection, state the imported cards are "over .020″ thick." The court may accept such evidence, when offered and received without objection, and may consider it in the exercise of sound discretion. *W. T. Grant Company* v. *United States*, 38 C.C.P.A. (Customs) 57, C.A.D. 440.

We are of the opinion that the imported postcards fit within the purview of the latter portion of paragraph 1406, *supra*, and are entitled to classification thereunder and subject to duty at the rate of 5 cents per pound, as claimed herein.

Judgment will be rendered accordingly.