(C.D. 2896)

ALLTRANSPORT, INC.
STERLING NOVELTY PRODUCTS } v. UNITED STATES

United States Customs Court, First Division

(Decided February 20, 1967)

*Schwartz & Lidstrom* (*Earl R. Lidstrom* and *Joseph Schwartz* of counsel) and *Barnes, Richardson & Colburn* for the plaintiffs.

*Barefoot Sanders*, Assistant Attorney General (*Harvey A. Isaacs* and *S. William Barr*, trial attorneys), for the defendant.

Before OLIVER and WATSON, Judges, and WILSON, Senior Judge

WILSON, Judge: The protest in this case relates to merchandise described on the invoice as "4200 DOZEN MIRROR ROSE (19 PETALS) WITH 2 SETS OF 5 PCS. LEAVES. 9½" LONG. COLOUR: PINK." The importation came from Hong Kong. The articles involved were classified by the collector under paragraph 230(b) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, supple-

mented by T.D. 53877, as mirrors not exceeding in size 144 square inches. Duty was assessed at 35 per centum ad valorem. In their protest, the plaintiffs claim the merchandise to be dutiable at 31½ per centum ad valorem under paragraph 1518(a) of the Tariff Act of 1930, as modified by T.D. 55816, as articles in chief value of artificial flowers.

It was stipulated that exhibit 1, introduced by the plaintiffs, is a representative sample of the imported merchandise and that the "plastic portion of Exhibit 1 exceeds in value the mirror or glass portions of the exhibit." After entering into the foregoing stipulations and the introduction of plaintiffs' exhibit 1, both parties rested.

The applicable provisions of the Tariff Act of 1930 read as follows:

Paragraph 230(b) of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877:

> Glass mirrors (except frames or cased mirrors in chief
>     value of platinum, gold, or silver), not specially
>     provided for, not exceeding in size 144 square
>     inches, with or without frames or cases_____ 35% ad val.

Paragraph 1518(a) of the Tariff Act of 1930, as modified by T.D. 55816:

> Artificial or ornamental fruits, vegetables, grasses,
>     grains, leaves, flowers, stems or parts
>     thereof * * *.
>
>      *    *    *    *    *    *    *
>
> Boas, boutonnieres, wreaths, and all articles not spe-
>     cially provided for, composed wholly in chief
>     value of any of the feathers, flowers, leaves, or
>     other materials mentioned in the duty provi-
>     sions of paragraph 1518, Tariff Act of 1930,
>     if the material is—
>     Artificial or ornamental fruits, vegetables,
>         grasses, grains, leaves, flowers, stems,
>         or parts thereof * * *_____ 31½% ad val.

As hereinbefore indicated, the imported merchandise consists of 4,200 dozen items, each consisting of an artificial flower simulating a pink rose mounted upon a background of plastic which forms the back of a mirror approximately 3½ inches in diameter contained in a plastice frame. The mirror appears to be of a good grade and of high reflective quality. Attached to the simulated rose and mirror is a long stem or handle affixed to which are two stems. Forming a part of each stem are five leaves. Covering the mirror is a circular disk of cardboard upon which is depicted a woman holding one of the imported articles by the handle or stem while looking in the mirror.

Also upon the back of the cardboard disk are printed the following words:

BOUDOIR

SET

FLOWERED MIRROR ROSE

AND

COMB SET

MIRROR BACK

FOR YOUR

VANITY . . .

MAKEUP

The parties agreed that the criterion for determining the classification of this merchandise "is whether or not the mirror is the predominant feature in the article" involved. This test for classification of articles like the one in this case has been followed in a long line of cases. See *United States* v. *Bonwit, Teller & Co. et al.*, 17 CCPA 96, T.D. 43429; *Freedman & Slater* v. *United States*, 17 CCPA 104, T.D. 43431; *Louis Greenberg & Son* v. *United States*, 58 Treas. Dec. 431, T.D. 44326.

In the *Greenberg* case, *supra*, after analyzing a number of previously adjudicated cases, the court, at page 434, held as follows:

From carefully studying the foregoing authorities and many others it is evident that the criterion for classification in all these mirror cases is whether or not the mirror is the predominant feature in the article. In the case at bar the merchandise consists of a mirror prominently set on the outside of a metal box and a small saucer set in the inside of the box. It is common knowledge that a man in shaving, using one of these articles and having the modern tube of shaving cream and a brush, could very well dispense with the saucer; but he could not shave without the mirror.

It seems to us from an examination of the exhibit itself that the mirror predominates. It might be possible to place a small piece of soap in the saucer and inclose it by putting on the lid or top; but there is not room in the case for a shaving brush which would have to be separately carried.

The sole issue in the case, therefore, is whether the plaintiffs have established by satisfactory evidence that the mirror part of the article involved is not the predominant feature of the imported merchandise.

It is, of course, a well established principle of customs law that the collector's classification is presumed to be correct and that, in making his classification, the collector found to exist all facts essential to sustain his classification. See *Atlantic Aluminum & Metal Distributors, Inc.* v. *United States*, 47 CCPA 88, C.A.D. 735. Applying that principle to the instant case, we must start with the legal prop-

osition that accompanying the collector's classification is the presumption that the mirror part of the involved importation is the predominant feature of the item. The plaintiffs were, therefore, confronted with the burden not only of proving that the classification by the collector was erroneous but also that the claimed classification is correct.

Plaintiffs in their brief (pages 4 and 5) argue, we think correctly, that inasmuch as the "predominant feature" concept is a relative matter each case must be determined upon its own facts. They cite cases involving mirrors attached to handbags, *Bonwit, Teller & Co., supra;* a toilet bag, *Freedman & Slater, supra;* a shaving set, *Louis Greenberg & Son, supra;* and a combination aerial and rearview mirror, *Engine Imports, Inc., et al.* v. *United States,* 49 Cust. Ct. 248, Abstract 67094, and observe that in each of the cases the basis for decision was whether or not the mirror was the predominant feature of the involved article.

The plaintiffs place great reliance upon the case of *Hudson Shipping Co., Inc.* v. *United States,* 37 Cust. Ct. 187, C.D. 1821. That case involved certain sconces which were elaborately carved and gilded with wall hangings attached, generally representing candlesticks. A mirror was inserted in the center of each article. Each mirror, plaintiffs point out, was of poor reflective quality and evidently was a minor part of the complete assembly. The court, therefore, held that the mirror was not the predominant feature of the article.

In the present case, an examination of the component parts of plaintiffs' exhibit 1, together with the cardboard disk covering the mirror, clearly shows that the mirror is of excellent reflective quality and that the rose is really a decorative part of the mirror. The illustration on the back of the cardboard cover, together with the sales language used thereon, indicates that the item is intended to be used as a mirror. The citation from the *Bonwit, Teller* case, *supra,* is not applicable because the facts involved in that case were very different to the factual situation now before us. The fact that the mirror is of less value than the plastic portions of the ensemble is not persuasive and in no case cited has the court based its determination of the predominant feature involved upon the question of chief value of the component material involved.

After reviewing all the facts and the cases cited, the court is of the opinion and holds that the plaintiffs have failed to meet their burden of proof. Really the facts predominantly indicate the correctness of the collector's classification.

The protest is, therefore, overruled and judgment will be entered accordingly.