60 CCPA

**STYSON ART PRODUCTS COMPANY,**
Appellant,

v.

**The UNITED STATES, Appellee.**
**Customs Appeal No. 5465.**

United States Court of Customs
and Patent Appeals.

Jan. 4, 1973.

Rode & Qualey, New York City, attorneys of record, for appellant; Ellsworth F. Qualey, New York City, of counsel.

E. Grey Lewis, Acting Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Joseph I. Liebman, New York City, for the United States.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Judge.

This is an appeal from the decision and judgment of the United States Customs Court, First Division,[1] overruling two protests against the collector's classification of the imported merchandise. The two protests were consolidated for trial below.

The merchandise in protest 64/3706 consists of articles of plastic referred to throughout the record as "food picks." In essence, they are slender plastic sticks having a plastic flower affixed to one end and are used to impale hors d'oeuvres and the like.

The goods in protest 66/7709 are plastic shower curtain hooks. Affixed to the hook is a plastic flower.

Each type of article was classified under paragraph 1518(a) of the Tariff Act of 1930 (hereinafter Act) as articles not specially provided for, in chief value of artificial flowers of "other" materials. The food picks were classified under paragraph 1518(a) as modified by T.D. 53865 as supplemented by T.D. 53877 and dutiable at 35% ad valorem. The shower curtain hooks were classified under paragraph 1518(a) as modified by T.D. 55615 and T.D. 55816 and dutiable at 31% ad valorem.

Appellant (plaintiff-importer below), by virtue of the similitude provisions of paragraph 1559 of the Act as amended by the Customs Simplification Act of 1954, contends that the food picks are classifiable under paragraph 412 of the Act as modified by T.D. 52373 and T.D.

1. 62 Cust.Ct. 426, C.D. 4118 (1970).

52476 as manufactures of wood dutiable at 16⅔ per cent. Similarly, it is contended that the shower curtain hooks are classifiable by similitude under paragraph 339 of the Act as modified by T.D. 54108 as household utensils of steel dutiable at 17 per cent or, in the alternative, by similitude under paragraph 397 of the Act as modified by T.D. 54108 as articles of iron or steel, wholly or partially manufactured dutiable at 19 per cent ad valorem.

The statutes involved are, in pertinent part, as follows:

Classified under:

Paragraph 1518(a) of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877:

Artificial or ornamental fruits, vegetables, grasses, grains, leaves, flowers, stems, or parts thereof:

Composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile. * * *

Composed wholly or in chief value of other materials (except feathers) and not specially provided for. * * *

Boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the fruits, vegetables, grasses, grains, leaves, flowers, stems, or parts provided for in the preceding item 1518(a) which components are wholly or in chief value of—

Yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile. * * *
Other materials (not including feathers) .............. 35% ad val.

Paragraph 1518(a) of the Tariff Act of 1930, as modified by T.D. 55615 and T.D. 55816:

Artificial or ornamental fruits, vegetables, grasses, grains, leaves, flowers, stems or parts thereof, when composed wholly or in chief value of any material other than yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, rayon or other synthetic textile, feathers, or paper, and not specially provided for; and boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the foregoing .................. 31½% ad val.

Claimed under:

Paragraph 1559(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1954:

(a) Each and every imported article, not enumerated in this Act which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any non enumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

\* \* \* \* \* \*

Paragraph 412, Tariff Act of 1930, as modified by T.D. 52373 and T.D. 52476:

Manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for:

Other ............... 16⅔% ad val.

Paragraph 339, Tariff Act of 1930, as modified by T.D. 54108:

Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for, whether or not containing electrical heating elements as constituent parts:

\* \* \* \* \* \*

Not plated with platinum, gold, or silver, and not specially provided for, composed wholly or in chief value of—

\* \* \* \* \* \*

Other base metal:

\* \* \* \* \* \*

Other: .............. 17% ad val.

Paragraph 397, Tariff Act of 1930, as modified by T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\* \* \* \* \* \*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\* \* \* \* \* \*

Not wholly or in chief value of tin plate:

\* \* \* \* \* \*

Other, composed wholly or in chief value of iron, steel, brass, bronze, zinc, or aluminum 19% ad val.

Miscellaneous:

Paragraph 1539(b), Tariff Act of 1930, as modified by T.D. 54108:

Manufactures wholly or in chief value of any product described in the preceding item 1539(b), or of any other product of which any synthetic resin or resin-like substance is the chief binding agent ......21¢ per lb.
and
17% ad val.

The Customs Court agreed with appellant that the classification of the goods under paragraph 1518 as artificial flowers was erroneous. However, it overruled the protest for the reason that, as a threshold matter, appellant was required to prove that the merchandise in question was not included within any of the enumerated provisions of the Act. Specifically, the court was of the opinion that it was not proven that the merchandise was not classifiable pursuant to paragraph 1539(b) of the Act as modified. Paragraph 1539(b) relates to articles manufactured of a product of which any synthetic resin or resin-like substance is the chief binding agent.

As a further ground for overruling the protest, the court was of the opinion that the proof was insufficient to prove classification by similitude under paragraphs 412 or 339. The court deemed the claim to classification of the shower curtain hooks under paragraph 397 to have been abandoned as "not having been proven or pursued."

Appellant acknowledges the dual burden it bears requiring it to disprove the collector's classification and to establish the correctness of the claimed classification. However, it disagrees that the latter burden requires that when classification by similitude is claimed, it be established that no enumerated classification applies.

For its part, appellee has not acquiesced in the Customs Court's decision that classification under paragraph 1518(a) was erroneous. The gist of appellee's argument is that since the merchandise was classified as articles in chief value of artificial flowers rather than artificial flowers *per se*, that classification should be upheld because (1) the collector is presumed to have correctly determined that the flower portion of the merchandise is the component of chief value and (2) there is no evidence in the record rebutting this presumption.

In appellee's view, the only question that need be considered is whether the flower portion of the food picks or curtain hooks have the appearance in shape, color, form and aesthetics of flowers without regard to use of the entire article. Because we affirm the Customs Court's decision on other grounds, we need not consider this argument, but note that such an argument was rejected in United States v. Henry A. Wess, Inc., 54 CCPA 47, C.A.D. 903 (1967).

Assuming, but not deciding, that the Customs Court was correct in holding that the original classification was erroneous and further assuming that it was not its burden to disprove the applicability of paragraph 1539(b), appellant still has the burden of establishing the correctness of the claimed classification by similitude.

█ With regard to the food picks, appellant must establish that classification under paragraph 412 was correct. It is not questioned that the imported food pick most resembles in composition exhibit 6, a wooden pick having a frill of plastic or like material affixed to one end, introduced into evidence below. The Customs Court said, correctly we think, that to establish classification by similitude would require proving that exhibit 6, if imported, would be properly classified under paragraph 412. Paragraph 412 is for manufactures of wood or of which wood is the component material of chief value.

█ Because exhibit 6 is composed of wood and plastic, the Customs Court said that the satisfaction of the requirements of paragraph 412 would involve proof of the costs to the manufacturer of the separate parts of the food picks at the time they are ready to be combined into the completed article. United States v. Bacharach, 18 CCPA 353, T.D. 44612 (1931). The record is devoid of such evidence and the article itself is not such that an examination of a sample makes it evident that the wood is the component material of chief value. United States v. Sheldon & Co., 13 Ct. Cust.Appls. 53, T.D. 40880 (1925).

Appellant contends that exhibit 6 should be classifiable under paragraph 412 because its "predominant feature * * * is the wood stick without which the article would be useless to perform its intended purpose * * *" whether or not the wood portion was the component of chief value.

■ Appellant is correct in its contention that an exception has been recognized to the general rule that classification under a tariff provision for articles made of a specific material requires the article be wholly of the specified material or in chief value thereof. That exception exists where the predominant material, though not the material of chief value, nevertheless gives to the article its name, form, and shape and determines its character and use. Blumenthal & Co. v. United States, 5 Ct.Cust. Appls. 327, T.D. 34529 (1914).

At first blush, this test might seem to apply here. However, in *Blumenthal* and the other cases cited by appellant,[2] the exception is recognized when the article is referred to *eo nomine* in a pertinent paragraph. In *Blumenthal* (at 330), the court said that classification by predominant material would require, in addition to the factors listed above, that it "clearly appear that in the common understanding the *eo nomine* statutory description included the article under consideration without regard to its component material of chief value."

In the present case, it cannot be said that paragraph 412 is an *eo nomine* designation for food picks. We are not inclined to extend the exception to paragraph 412 as we are not persuaded it was meant to include articles predominantly of wood without regard to the component of chief value. Therefore,

appellant, having failed to prove the component of chief value in the food picks was wood, we affirm the Customs Court.[3]

■ With regard to the shower curtain hooks, the court below was of the opinion that classification by similitude was not made out under paragraph 339, which relates to household utensils of steel, as appellant was required to prove (1) that the chief use of the articles throughout the United States was as shower curtain hooks and (2) that the locus of chief use is in the household rather than in hotels, motels, clubs and the like, neither of which in its view has been met. Whether or not the Customs Court was correct need not be decided for the reason that appellant failed to establish that the article to which the imported hooks were compared would itself be properly classified under paragraph 339 if imported. This article, exhibit 9, was a hook of stamped steel, and the only testimony directed to showing its utility is exemplified by the following:

Q. Have you seen articles like Plaintiff's Exhibits 7, 8, and 9 for identification used, Mr. Stier? A. I have.

Q. How have you seen them used? A. As shower curtain hooks.

Q. Have they any other uses than as shower curtain hooks? A. That's the only use.

In our view, such testimony falls short of affirmatively establishing the chief use of exhibit 9 as being in the household. That testimony is also insufficient to establish that an article represented by exhibit 9 would be properly classifiable under paragraph 397.

2. United States v. Altman & Co., 8 Ct. Cust.Appls. 148, T.D. 37272 (1917); Alltransport, Inc. v. United States, 58 Cust.Ct. 98, C.D. 2896 (1967); and Israel Mencha v. United States, 55 Cust.Ct. 494, Abs. 69660 (1965).

3. The record refers to exhibit 5 in this case as wooden picks. In fact, they are

in the form of stylized fish having plastic eyes. Therefore, the same problem of showing the component material of chief value would be presented had it been attempted to show classification by similitude to this article.

Therefore, we hold that appellant has failed to establish the correctness of the claimed classification for the shower curtain hooks.

Accordingly, the judgment is affirmed.

Affirmed.

BALDWIN and LANE, JJ., concur in result.